# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| MARCIANA EUGENE and RUDELL CHERUBIN, | |
| Plaintiffs, | 2007-CV-0013 |
| v. | |
| KIM MILLER, | |
| Defendants. | |

TO:  Lee J. Rohn, Esq.
     Sunshine S. Benoit, Esq.

## ORDER GRANTING DEFENDANT'S MOTION TO VACATE ORDER ENTERING DEFAULT

THIS MATTER came before the Court upon Defendant's Motion to Vacate Order Entering Default (Docket No. 7). This order is entered without necessity of response.

## DISCUSSION

As provided in Fed. R. Civ. P. 55(c), the Court may set aside an entry of default "upon good cause shown." The determination of "good cause" is within the sound discretion of the Court. *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). Moreover, courts are encouraged to exercise their discretion liberally because resolving cases on their merits is

*Eugene v. Miller*
2007-CV-0013
Order Granting Defendant's Motion to Vacate Order Entering Default
Page 2

generally preferred. *Drummond v. Crime Prevention Ass'n of Philadelphia*, Civil No. 00-1540, 2000 WL 1507073 at *1 (E.D.Pa. October 10, 2000) (citing *Maxnet Holdings, Inc. v. Maxnet, Inc.*, No. 98-3921, 1999 U.S. Dist. LEXIS 899, at *3-4 (E.D.Pa. Feb. 1, 1999)).

Under the guidelines articulated by the Third Circuit Court of Appeals, the Court must consider certain factors in determining whether "good cause" exists to set aside an entry of default, including: 1.) whether setting aside the default prejudices Plaintiff, 2.) whether Defendant has a meritorious defense, 3.) whether Defendant's conduct is excusable, and 4.) whether alternative sanctions are appropriate. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73-74 (3d Cir. 1987) (citations omitted).

In the matter at bar, the Court finds that Plaintiffs will not be prejudiced by setting aside the default. Plaintiffs filed their complaint on January 30, 2007. According to Defendant, she never received proper service of process. Even if service had been effectuated properly, the time between Plaintiffs' filing of their notice of service of process and now is not so great a period as to cause any prejudice to Plaintiffs.

Defendant has not filed an Answer in this matter as of yet. Thus, the Court is without information regarding Defendant's defenses to the action.

The reason given by Defendant for not answering or otherwise appearing is the fact that she was not properly served with the summons and complaint. Thus, Defendant's

*Eugene v. Miller*
2007-CV-0013
Order Granting Defendant's Motion to Vacate Order Entering Default
Page 3

conduct was excusable. The Court further finds that Defendant acted promptly when notified of the entry of default and that Defendant was not personally responsible for said default. *See, e.g., DIRECTV, Inc. v. Adkins*, Civil No. 03-00064, 2003 WL 22299034 at *1 (W.D.Va. October 3, 2003).

Finally, the Court finds that no alternative sanction is appropriate or necessary.

Based upon the foregoing, it is now hereby **ORDERED**:

1. Defendant's Motion to Vacate Order Entering Default (Docket No. 7) is **GRANTED**.

2. Entry of Default (Docket No. 6) is **VACATED**.

ENTER:

Dated: June 20, 2007                    /s/
                                        GEORGE W. CANNON, JR.
                                        U.S. MAGISTRATE JUDGE