# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

MARCIANA EUGENE and RUDELL CHERUBIN,

                Plaintiffs,

   v.

KIM MILLER,

               Defendants.

2007-CV-0013

TO:   Lee J. Rohn, Esq.
        Sunshine S. Benoit, Esq.

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

THIS MATTER came before the Court upon the parties' Joint Stipulation Regarding Defendant's Motion to Compel Plaintiffs to Redesignate Non-Confidential Documents (Docket No. 33). Defendant also filed a supplement to said joint stipulation.

Having reviewed the joint stipulation and Defendant's supplement, the Court finds that the designation of "confidential" of *all* Plaintiffs' medical records is improper. As the Court has ruled on numerous previous occasions, where a party's physical condition is a factor or element of the party's claims, no patient-physician privilege exists, pursuant to V.I. Code Ann. tit. 5 § 855.

*Eugene v. Miller*
2007-CV-0013
Order Granting Defendant's Motion to Compel
Page 2

Section 855 codifies the physician-patient privilege in the Virgin Islands. However, subparagraph four (4) of said statute, provides, in pertinent part: "There is no privilege under this section in an action in which the condition of the patient is an element or factor of the claim or defense of the patient . . . ." V.I. Code Ann. tit. 5 § 855(4) (1997). The plain meaning of the provision is that there is no physician-patient privilege *in an action* where the condition of the patient is an element or factor of the claim or defense of such patient. In other words, where the "condition" of a patient (as defined by the statute) is an element or factor of a claim or defense of that patient in a civil *action,* there is no physician-patient privilege in that *action*.

Thus, since no physician-patient privilege exists in this matter, "medical records" also are not privileged nor require confidential treatment. However, because alcohol and drug abuse treatment, mental health, and AIDS/HIV diagnosis and/or treatment are protected by the Health Insurance Portability and Accountability Act (HIPAA), those records/documents are to remain confidential. The parties' confidentiality agreement should reflect the foregoing.

Accordingly, it is now hereby **ORDERED**:

1. Defendant's Motion to Compel Plaintiffs to Redesignate Non-Confidential Documents (Docket No. 33) is **GRANTED**.

*Eugene v. Miller*
2007-CV-0013
Order Granting Defendant's Motion to Compel
Page 3

2. Plaintiffs shall, within ten (10) days from the date of entry of this order, reproduce their non-privileged, non-confidential medical records to Defendant without the word *confidential* stamped upon them.

ENTER:

Dated: May 27, 2008

_____/s/_____
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE